Filed 12/22/21  P. v. Ladd CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LADD,<br><br>    Defendant and Appellant. | 2d Crim. No. B312382<br>(Super. Ct. No. TA130215)<br>(Los Angeles County) |

Christopher Ladd appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1170.95.  In 2014, a jury convicted Ladd and codefendants Kevin Phillips and Marvin Vital, of first degree murder (§§ 187, subd. (a), 189) and found true the special circumstance allegation that the murder was intentionally committed for the benefit of a criminal street gang (§ 190.2, subd. (a)(22)).  The jury also found true allegations that a principal discharged a firearm causing death and that the murder was committed for the benefit of a

---

[1] All unlabeled statutory references are to the Penal Code.

criminal street gang (§§ 186.22, subd. (b)(1)(A), 12022.53, subds. (b)-(e)). Appellant was sentenced to life without the possibility of parole plus 25 years to life. The judgment against him was subsequently affirmed on appeal with modifications. (*People v. Phillips* (June 20, 2018, B272498) [nonpub. opn.].)[2]

In March 2021, appellant, represented by retained counsel, filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition after recognizing that the jury was not instructed on felony murder or the natural and probable consequences theory as to the murder charge. The court also noted that in finding the gang special circumstance allegation true, the jury necessarily found that appellant acted with the requisite intent to kill. Appellant's subsequent motion for reconsideration was also denied.

We appointed counsel to represent appellant in this appeal. After reviewing the record, counsel filed a brief raising no issues. On September 14, 2021, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received no response.

Several courts of appeal have recognized that the independent review mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), does not apply to an appeal from the denial of a section 1170.95 resentencing petition because it is not the defendant's first appeal as a matter of right. (See, e.g., *People v.*

_____

[2] We grant appellant's unopposed request for judicial notice of our opinion in the direct appeal, as well as the portions of the reporters' transcript in the prior appeal that contain the trial court's recitation of the jury instructions and the prosecutor's closing argument. (Evid. Code, §§ 452, subd. (d), 459, subd. (a); Cal. Rules of Court, rule 8.252.)

*Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 269; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598; *People v. Allison* (2020) 55 Cal.App.5th 449, 456; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111.)  We also acknowledge that, although we have no independent duty to do so, we retain ""'inherent equitable power'"" to review the record on appeal in the interests of justice.  (*Flores*, *supra*, at p. 273.)  We have exercised our discretion to do so here.

As the trial court properly noted in denying appellant's petition, he is not entitled to resentencing under section 1170.95 because the jury in his case was not instructed on either felony murder or the natural and probable consequences theory as to the murder charge.  Moreover, in finding the gang special circumstances true, the jury necessarily found that appellant acted with the requisite intent to kill, such that he is not entitled to section 1170.95 resentencing.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists.  (*Wende*, *supra*, 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


YEGAN, Acting P. J.        TANGEMAN, J.


3

Ricardo R. Ocampo, Judge
Superior Court County of Los Angeles

_____

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.